IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DARRELL MITCHELL HURST, )<br>   Petitioner, )<br> )<br>v. )<br> )<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>   Respondent. ) | Civil Action No. 7:09-CV-124-O |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Petitioner, Darrell Mitchell Hurst, challenges the validity of his Wichita County conviction for the offense of indecency with a child by contact, for which he was sentenced to seven years in prison. *State v. Hurst*, No. 39,344-B (30th District Court of Wichita County, Texas 2007). He now seeks federal habeas relief on the following grounds:

1. denial of due process because he was sentenced without being heard and without being permitted to present other evidence;

2. ineffective assistance of counsel, and;

3. involuntary plea of guilty.

Petition ¶¶ 20.A-C.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on October 12, 2007. *Ex parte Hurst*, App. No. WR-69,944-01, Event ID 2331543 at pp. 22-24. On January 10, 2008, Hurst's appeal was dismissed pursuant to his waiver of the right to appeal. *Hurst v. State*, No. 02-07-00411-CR (Tex. App. – Ft. Worth 2008, no pet.). Hurst did not file a petition for discretionary review. Therefore, his conviction became final on February 11, 2008, the last day on which he could have filed a timely petition for discretionary review. *See* Tex. R. App. P. 68.2(a) (2008) ("the petition [for discretionary review] must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."). Petitioner filed his state application for habeas relief on April 10, 2008. *Ex parte Hurst*, App. No. WR-69,944-01, Event ID 2331543 at p. 2. On September 10, 2008, after a remand for findings of fact and conclusions of law, the Court of Criminal Appeals denied relief. *Ex parte Hurst*, App. No. WR-69,944-01, Event ID 2343493 at pp. 1-2. Hurst's state habeas application was pending for 153 days. Therefore, his

statutory deadline for filing a federal habeas petition was July 14, 2009. Hurst did not date his federal petition. However, the postmark on the envelope indicates that it was mailed on July 29, 2009. See Petition p. 11. Therefore, the Court will consider the petition filed on that date.[1] Because Hurst's petition was filed after the July 14, 2009 deadline, his petition is time-barred.

Petitioner argues that his petition should be considered timely because, although he received a copy of the order denying his state habeas application, he never received the "white card" indicating that his writ had been denied. Petitioner's Response to the Court's Order to Show Cause p. 1 (Doc. No. 5). Petitioner also states that he filed his federal petition as soon as he became aware of the statute of limitations. *Id.* at p. 2. He further argues that he could not file a timely federal petition because, beginning July 6, 2009, his prison unit was on "lockdown" for 5 week days and he was unable to use the law library for 7 days (5 days of lockdown plus the 2-day weekend). Petitioner's Reply to Respondent's Answer (Doc. No. 10).

Hurst is not entitled to statutory tolling of the limitation period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).

applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack

of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Petitioner has not presented any arguments, facts or circumstances sufficient to warrant equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DISMISSED as TIME-BARRED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 16th day of May, 2011.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**